LAW OFFICE OF JAMES S. TERRELL
JAMES S. TERRELL, ESQ., (CSBN: 170409)
15411 Anacapa Road
Victorville, CA 92392
(760) 951-5850 – Telephone
(760) 952-1085 – Facsimile
Email: jim@talktoterrell.com

LAW OFFICE OF SHARON J. BRUNNER
SHARON J. BRUNNER, ESQ. (CSBN:229931)
14393 Park Avenue, Suite 100
Victorville, CA 92392
(760) 243-9997- Telephone
(760) 843-8155- Facsimile
Email:  sharonjbrunner@yahoo.com

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **M.S., a minor by and through her guardian *ad litem* Arlene Rubalcaba, individually and as a successor- in-interest to ANGEL ANTHONY SAPIEN; LUPE RODRIGUEZ, individually**<br><br>**PLAINTIFF,**<br><br>**vs.**<br><br>**COUNTY OF LOS ANGELES; SHERIFF ALEX VILLANUEVA and DOES 1-10, INCLUSIVE.**<br><br>**Defendants.** | **Case Number:** 2:22-cv-2340<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourteenth Amendment – Denial of Medical Care (42 U.S.C. §1983)<br>2. Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)<br>3. Municipal Liability – Failure to Train (42 U.S.C. §1983)<br>4. Municipal Liability – Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)<br>5. Negligence – Wrongful Death<br>6. Negligence – Professional Medical Malpractice<br>7. Failure to Summon Medical Care (Cal. Gov't Code §845.6)<br>8. Bane Act<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, M.J., a minor by and through her guardian *as litem* Arlene Rubalcaba individually and as successor in interest to Angel Anthony Sapien, and Lupe Rodriquez, individually, for their Complaint against Defendants, County of Los Angeles, Sheriff Vallanueva and Does 1-10, inclusive, and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 1343(a)(3)-(4) because Plaintiff assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the First, Fourth, Eight, and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 13919(b) because the Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

3.      The survival claims in this action are joined with the individual wrongful death claims pursuant to CCP § 377.62, et seq. as all claims arise out of the same wrongful act or neglect.

4.      Plaintiffs filed  timely claims under Government Code Section 911.2 et al, and

brings pendant actions under state law.

## **INTRODUCTION**

5.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants, including the County of Los Angeles, for violating various rights under the United States Constitution and California law in connection with the in-custody death of Plaintiffs' father and son, Angel Anthony Sapien , on or around March 12, 2021.

## **PARTIES**

6.     At all relevant times, Decedent, ANGEL ANTHONY SAPIEN ("DECEDENT") was an individual residing in the County of Los Angeles, California.

7.     Plaintiff M.J. ("Plaintiff M.J.") is an individual residing in the County of Los Angeles, State of California and is the natural minor child of DECEDENT.  PLAINTIFF sues both in her individual capacity as the Minor child of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure §377.60. Plaintiff M.J. seeks both survival and wrongful death damages under federal law.

8.     Plaintiff LUPE RODRIQUEZ ("Plaintiff RODRIQUEZ") is an individual residing in the County of Los Angeles, State of California and is  the natural mother of the DECEDENT.  PLAINTIFF RODRIQUEZ  sues in her individual capacity as the

mother of the DECEDENT.    PLAINTIFF RODRIGUEZ seeks both survival and wrongful death damages under federal law.

9.    At all relevant times, Defendant, COUNTY OF LOS ANGELES ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of political subdivision for the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, and employees, including the Los Angeles County Sheriff's Department ("LASD") and its agents and employees.  At all relevant times, Defendant, COUNTY was responsible assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and the State of California.  At all relevant times, COUNTY was employer of Defendants DOES 1-10.

10.    Defendant DOES 1-5 ("LASD DOE DEPUTIES") are deputies for the LASD. DOES 1-5 were acting under color of authority within the course and scope of their duties for the Defendant COUNTY. LASD DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant County.

11.    DEFENDANT SHERIFF ALEX VILLANUEVA("VILLANUEVA") is the Sheriff for the COUNTY and is being sued individually and in his official capacity. VILLANUEVA was acting under color of law within the course and scope of his duties as a sheriff and or/ a managerial, supervisorial, and policymaker as an employee for the

Defendant COUNTY. VILLANUEVA was acting with the complete authority and ratification of his principal, Defendant COUNTY.

12.     Defendant VILLANUEVA is the Sheriff for the Los Angeles County and in charge of the Los Angeles Jail, including the Men's Central Jail ("MCJ"), where DECEDENT resided at the time of his death. By California law, the Sheriff is answerable for the safekeeping of inmates in custody. Cal.Gov't Code§§26605, 26610; Cal. Pen. Code §4006. Sheriff VILLANUEVA was responsible for the administrative of MCJ; for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the MCJ, including staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff, education staff, and supervisors; and for the implementation of policies and procedures at MCJ. He was responsible for the care, custody and control of all inmates housed in MCJ. VILLANUEVA was regularly provided with reports concerning the treatment of mentally ill inmates, improper classification of inmates in the jail suicides, and other violations involving housing care, mental health care, and the treatment of inmates at MCJ. Pursuant to California law and his duties as the Sheriff of Los Angeles County, Sheriff VILLANUEVA is sued in his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivation which this Complaint alleges, or for conduct that showed reckless or callous indifference of others. Sheriff

VILLANUEVA's affirmative conduct his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause constitutional injury on DECEDENT.

13.     Defendants DOES 9-10 ("LASD DOE SUPERVISORS") are managerial, supervisorial, and policymaking employees of the LASD. At the time of the incident, LACSD DOE SUPERVISORS were acting under color of law within the course and scope of their duties for the LASD.  At all relevant times, LASD DOE SUPERVISORS were acting with the complete authority and ratification of their principal, Defendant, COUNTY.

14.     On information and belief, Defendants DOES 1-10 were residents of the County of LOS Angeles, California or employed by the County of Los Angeles.

15.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, DOES 1-10, were acting on the implied and actual permission and consent of Defendant, COUNTY, and its sheriff's department and detention center.

16.     The true names and capacities of DOES 1-10 are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names. These unknown individuals are doctors, nurses, medical practitioners, and who are under the control of COUNTY and VILLANUEVA, which caused/contributed to the death of the DECEDENT.

17.     All of the acts complained of herein by PLAINTIFFS against Defendants were done and performed by said Defendants by and through their authorized agents,

servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

18.    On or about September 10, 2021, PLAINTIFFS' filed a comprehensive and timely claim for damages with the County of  pursuant to applicable sections of the California Government Code.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.    PLAINTIFFS repeat and re-allege each and every allegation in paragraph 1 through 18  of this Complaint with the same force and effect as if fully set forth herein.

20.    Based on information and belief,  DECEDENT who suffered from depression, suicidal ideation and serious mental health issues was denied proper mental evaluations, treatment, care, monitoring, and placement in a protected area of the jail.  Local law enforcement had familiarity with DECEDENT and DECEDENT'S mental health struggles.

21.    Defendant DOES 1-10 ignored all the danger warnings and ignored the medical and mental health needs of DECEDENT. Based on information and belief, DECEDENT told the staff of his immediate  need for medical/mental health screening and need for help due to depression on the day of his death.

22.    DECEDENT was moved to general population, and relocated to a new location and area of the jail on the date of his suicide. On that date, March 12, 2021, he was

placed in new housing he was extremely depressed and needed mental health treatment and it would have been obvious he was distressed and extremely depressed. Based upon information and belief, DECEDENT had a history of mental health issue and suicidal thoughts known to DOES1-10. Despite his fragile and depressed state of mind, DECEDENT was moved to a cell by himself and was not placed in a safe environment or taken to mental health, but was ignored with knowledge of his needs and known danger.

23.    The entire decision to relocate the DECEDENT was a failure in the screening process and evaluation process which resulted in DECEDENT'S injuries and death resulting from Defendants VILLANUEVA and DOES 1-10 deliberate indifference to DECEDENT'S  rights and liberties.

24.    Defendant DOES 1-10, includes unknown supervisors and medical staff who deliberately ignored  the signs and symptoms of severe depression and suicide as they located the DECEDENT to a new stressful single cell location, knowing that single cells are more dangerous for inmates who may be suicidal.

25.    It is believed DECEDENT was incarcerated for a period of hours at this new jail location; when DECEDENT was found, hanging in his cell at MCJ. DECEDENT had constructed a plastic ligature with pieces of plastic material.

26.    On March 12, 2021, at approximately 1841 hours, the DECEDENT was found alone in his cell sitting on his bunk with a plastic ligature around his neck. The ligature

was attached to the jail's bunk beds. Based on the County Coroner's report it is believed that the ligature was comprised of plastic trash bags.

27.    DOES 1-10 failed to monitor and allowed a mentally ill inmate suffering from suicidal ideation opportunity and time to commit suicide. This was deliberate indifference.

28.    The Decedent was cut down and and brought to the walkway outside the cell where the Los Angeles Fire Department determined death at 1917 hours.

29.    On information and belief, there was woefully inadequate supervision of DECEDENT by Defendants County of Los Angeles and does 1-10. Further, having the authority to make a medical housing assignment, DEFENDANTS failed to house DECEDENT appropriately. DECEDENT should have been housed in the Twin Towers Correctional Facility due to his gravely mental status and inability to care for himself and his suicidal ideation. DOES 1-10 assigned DECEDENT to Men's Central Jail ("MCJ"). At MCJ, he was placed in general population and just prior to his death, he was moved into a single man cell within MCJ, where he had no additional spervision or monitoring. Objective indifference or reckless disregard by  and DOES 1-10 were integral participants in the denial of medical care, cruel and unusual punishment, and negligent treatment of DECEDENT, or failed to intervene to prevent these violations.

## **FIRST CLAIM FOR RELIEF**
### **Fourteenth Amendment – Denial of Medical Care (42 U.S.C. §1983)**
### **(Plaintiff M.J. v. Defendants  DOES 1-10. )**

30.    Plaintiff hereby re-alleges and incorporates by reference paragraph 1 through 29 of this Complaint as if fully set forth herein.

31.    The Fourteenth Amendment of the United States Constitution requires law enforcement and custodial officers to provide reasonable post-arrest detainee care, and to promptly summon medical care.  42 U.S.C. §1983 provides a private right of action for conduct which violates this right.

32.    Defendants DOES 1-10, acted under color of law.

33.     Defendants, DOES 1-10, including those employed as nurses or officers responsible for medical screening and care at LASD JAIL, did not promptly identify or treat  DECEDENT'S mental issues, failed to monitor, failed to update and reevaluate and  did not timely summon medical care, and did not permit medical personnel to treat DECEDENT.

34.    The denial or delay of medical care violated DECEDENT'S right to prompt medical care as guaranteed to DECEDENT under the Fourteenth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment. DOES 1-10 acted with deliberate indifference.

35.    Defendants knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury, the unnecessary and wanton infliction of pain,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

or death, but disregarded that serious medical need,  DOES made a decision to do nothing, knowing their inaction would be causing DECEDENT great bodily harm and death.

36.    All Defendants  are liable for the denial of medical care to DECEDENT, and for his injuries and death, either because they were integral participants in the denial or delay of medical care, or because they failed to intervene to prevent these violations.

37.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died and lost his earning capacity.  Also, as a direct and proximate cause of the acts of DOES 1-10,  Plaintiff suffered emotional distress, mental anguish, and pain.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

38.    The conduct of Defendants, DOES 1-10, was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages.

39.    PLAINTIFFS  brings this claim as successors in interest to DECEDENT and seek survival and wrongful death damages under this claim.  PLAINTIFFS seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  PLAINTIFFS also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C §1988.

**SECOND CLAIM FOR RELIEF**

**Fourteenth Amendment – Substantive Due Process, Interference with Familial Relations (42   U.S.C. § 1983)**
**( All Plaintiffs v. Defendants DOES 1-10)**

40.     Plaintiffs repeats and re-alleges each and every allegation in paragraphs 1 through 39  of this Complaint with the same force and effect as if fully set forth herein.

41.     Plaintiff M.J., has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with her father, DECEDENT.

42.     Plaintiff RODRIGUEZ, natural mother of DECEDENT has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in their familial relationship with her son.

43.     DECEDENT himself  had cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his life, liberty, or property in such a manner as to shock the conscience.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

44.    The aforementioned actions of Defendants DOES 1-10 along with other undiscovered conduct, shock the conscience, in that Defendants acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

45.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then eventually died.Defendant DOES 1-10 DEPUTIES thus violated the substantive interference with their familiar relationship with each other.

46.    As a direct and proximate cause of the acts of the Defendants D0ES 1-0 DEPUTIES, Plaintiffs suffered emotional distress, mental anguish, and pain.  Plaintiff have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

47.    The conduct of Defendants, DOES 1-10, was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and Plaintiff M.J. Plaintiff RODRIGUEZ and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

48.    Plaintiff M.J. brings this claim individually and as a successor- in- interest to the DECEDENT, and seeks survival damages and wrongful death death damages for the

rights and DECEDENT's rights. Plaintiff M.J. also seeks attorney's fees under this claim.

49.    Plaintiff RODRIGUEZ brings this individually for the interference with the relationship with her daughter DECEDENT and seeks wrongful death damages for the violation of her rights. Plaintiff RODRIQUEZ also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF
**Municipal Liability – Failure to Train (42 U.S.C. §1983)**
**(Plaintiffs v. Defendants COUNTY, SHERIFF VILLANUEVA. and DOES 9-10)**

50.    PLAINTIFFS repeat and re-allege each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.    The acts of named Defendants Deputies DOES 1-10, deprived DECEDENT and Plaintiff of their particular rights under the United States Constitution.

52.    Named Defendants DOES 1-10, acted under color of law.

53.    On information and belief, Defendants, COUNTY and SHERIFF VILLANUEVA and DOES 9-10 failed to properly and adequately train DOES 1-10 on subject matters including but not limited to the provision of medical/mental health attention. The custom and policy of not assisting INMATES WITH SERIOUS MENTAL ILLNESS  is an unconstitutional custom. All DOES 1-10 used this custom

OF NOT ASSISTING, MONITORING and did not seek medical assistance for DECEDENT.

54.    The training policies of Defendant COUNTY were not adequate to train its deputies and correctional officers at the MEN'S CENTRAL JAIL, or Los Angeles County jails,  to handle the usual and recurring situations with which they must deal, including but not limited to medical/mental health screening during intake at the Los Angeles jail facility, and the provision of prompt and adequate medical/mental health care.  As stated above,  DECEDENT was not provided with medical/mental health care, nor was DECEDENT properly screened or examined  by a mental health or medical provider to evaluate his  changing overall fitness for incarceration.  This is a clear violation of the policies of Title 15, Title 24, and L.A.S.D. policies, and Defendants COUNTY and SHERIFF did not adequately train DOES 1-10, with regard to said policies. Ignoring DECEDENT's mental health symptoms as psychiatric care, depression, and harm to self.

55.    Defendants, COUNTY, VILLANUEVA and DOES 9-10, were deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

56.    Upon information and belief, a final policymaker has determined that the acts od Defendants DOES 1-10 were within policy.

57.    The failure of Defendants, COUNTY and DOES 9-10, to provide adequate training caused the deprivation of Plaintiff' and DECEDENT'S  rights by; that is,

Defendants' failure to train is so closely related to the deprivation of PLAINTIFFS rights as to be the moving force that caused the ultimate injury.

58.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  As a direct and proximate cause of the acts of DOES 1-10, PLAINTIFFS suffered emotional distress, mental anguish, and pain.  PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

59.    Accordingly, Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.  The conduct of DOES 1-10  was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES and DOE MEDICAL PERSONNEL.

60.    Plaintiff M.J. brings this claim as a successor in interest to DECEDENT and seek survival and wrongful death damages under this claim.

61.    Plaintiff M.J. seeks damages, including for DECEDENT'S  loss of love, companionship, affection pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff M.J. also seeks reasonable costs, funeral and burial expense, and attorney's fees under 42 U.S.C §1988.

62.     Plaintiff RODRIGUEZ brings this individually for the interference with the relationship with her son DECEDENT and seeks wrongful death damages for the violation of her rights. Plaintiff RODRIQUEZ also seeks attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**
**Municipal Liability – Unconstitutional Custom, Policy, Practice**
**(42 U.S.C. §1983)**
**(Plaintiff v. COUNTY,VILLANUEVA, DOES 9-10)**

63.     Plaintiffs re-allege each and every allegation in paragraphs 1 through 62 of this Complaint with the same force and effect as if fully set forth herein.

64.     All Defendants acted under color of law.

65.     Defendants DOES 1-10 acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY, including an unconstitutional policy of not providing medical/mental health care. Jail Mental Health Services Suicide Prevention Policy No. 707, requires that: "Particular attention shall be paid to intensity and frequency of ideation,  the presence of a plan and the presence of command hallucinations and/or paranoid delusions. Careful consideration should be used to determined if the client has a delineated plan to harm himself as to oppose to a way in which a person could harm oneself. A delineated plan is of greater concern and indicates higher risk that should be clinically addressed appropriately."    Despite the

above the COUNTY and DOES 1-10 did not ask if DECEDENT had a specific plan to carry out a suicide attempt despite his delusions and paranoia and depression.

66.    On information and belief, Mental Health High Observation Housing ("HOH") suicidal inmates shall be housed in two persons to a cell and, whenever possible, in a specific HOH area, in order to deter self-injurious behavior and facilitate observation and treatment interventions. Defendants DOES 1-10, were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT'S death.

67.    Failure to ignore a serious medical need at a COUNTY jail was and remains an unconstitutional custom or policy.

68.    Defendants, COUNTY, and, VILLANUEVA together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

> (a) Not providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical attention and care;
>
> (b) Providing inadequate training regarding providing medical/mental health care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and not providing proper medical/mental health attention and care;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(c) Employing and retaining as deputy sheriffs and correctional officers at L.A.S.D. JAIL individuals whom Defendant, COUNTY, at all times material herein knew or reasonably should have known had dangerous propensities for (1) abusing their authority, (2) not providing medical/mental care or immediate screening by a nurse to evaluate the overall physical fitness of those in custody for incarceration, and (3) not providing proper medical attention and care;

(d) Inadequate supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including Defendants DOES 1-10, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies and  correctional officers;

(f) Failing to adequately discipline COUNTY deputies and correctional officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(g) Even where denials of adequate medical/mental care and medical/mental screening are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(h) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which deputies and correctional officers do not report other officers' errors, misconduct, or crimes.

69.    The County has been repeatedly put on "notice" of unconstitutional custom and policies at the jails. Allegations of inmate abuse, excessive force, and deprivation of medical and mental health treatment in the LOS ANGELES County jails from hundreds of inmates from 1997 through the present time. Consistent violations of constitutional violations at the County jails.

70.    Defendant COUNTY OF LOS ANGELES   is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY OF LOS ANGELES, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the  Sheriff's Department and its tactics, methods, practices, customs and

usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

71.     On September 5, 1997, the United States Department of Justice ("DOJ") advised Ms. Joanne Struges, the Los Angeles County Executive, the results of its June 6, 1996 investigation into the mental health conditions of the Los Angeles Jails pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. §§ 1997 et seq. The DOJ concluded that "unconstitutional conditions exist at the Los Angeles County Jail, including a deliberate indifference to inmates serious health needs." After itemizing multiple "unconstitutional conditions pertaining to to the treatment of inmates with mental health conditions, the DOJ made Recommended Remedial Measures which specifically focused on suicide prevention, including but not limited to: recognizing and responding to indications of suicidal thoughts" and "proper suicidal prevention."

72.     On December 19, 2002, the Los Angeles County and the United States entered into a Memorandum of Agreement Regarding Mental Health Services at the Los Angeles County Jail; ("MOA"), which was entered into to avoid potential litigation concerning the mental health services at the jail. Among the provisions in the agreement is the acknowledgment that changes must occur.

73.     ON September 5, 2013 the Department of Justice gave notice to William T. Fujioka Chief Executive Officer of the County of Los Angeles, that the DOJ was going to complete its assessment of the Los Angeles Jail as to whether the jail has complied

with the 2002 MOA regarding the delivery of mental health services. Specifically, the DOJ referenced the finding of MOA reflecting allegations of inadequate suicide prevention for prisoners. In addition, the DOJ correspondence emphasized the "recent increase in suicides."

74.     In a June 4, 2014, letter, the DOJ concluded that 'Los Angeles County, including the Sheriff's Department and then Department of Mental Health, violates prisoners' constitutional right to adequate suicidal practices, which is required as part of the jails obligation to meet the serious mental health care needs of all prisoners.These deficiencies pose a substantial risk of serious harm to prisoners in violation of the Fourteenth Amendment's due process protections for pretrial detainees, as well as the Eighth Amendment for those convicted of a criminal offense."

75.     The June 4, 2014, DOJ letter articulated numerous systemic failures of Defendant COUNTY to maintain a constitutionally adequate mental health care which directly applied to the unconstitutional treatment of DECEDENT, Angel Anthony Sapien and his untimely death. These conditions include but are not limited to:

76.     At all times herein mentioned, Defendants, and each of them, were employees acting under the COUNTY OF LOS ANGELES direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First and Fourth Amendments respectively to the United States Constitution, which customs,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the COUNTY OF LOS ANGELES.

77.    Defendant, COUNTY OF SAN LOS ANGELES, knowingly maintains and permits official policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute law enforcement deputies who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by COUNTY OF LOS ANGELES and VILLANUEVA.

78.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants, COUNTY, include, but are not limited to:  denial of medical care, lack of supervision, all of which have repeatedly existed at LOS ANGELES COUNTY jail facilities.

79.    By reason of the aforementioned acts and omissions, Plaintiff have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

80.     Defendants, COUNTY and VILLANUEVA, together with various other officials, whether named or unarmed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

81.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, COUNTY and VILLANUEVA acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S  and Plaintiff's constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by COUNTY and VILLANUEVA.

82.     Defendants, COUNTY and VILLANUEVA , were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

83.     By reason of the aforementioned acts and omissions, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.  Accordingly,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendants COUNTY and VILLANUEVA each are liable to Plaintiff's compensatory damages under 42 U.S.C. §1983.

84.     Plaintiff M.J. brings this claim as successor in interest to DECEDENT and seeks survival and wrongful death damages under this claim.

85.     Plaintiff M.J. seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

86.     Plaintiff RODRIGUEZ brings this individually for the interference with the relationship with her son, the DECEDENT and seeks wrongful death damages for the violation of her rights. Plaintiff RODRIQUEZ also seeks attorney's fees under this claim.


**FIFTH CLAIM FOR RELIEF**
**Negligence – Wrongful Death**
**(Plaintiffs v. All Individual Defendants)**

87.     PLAINTIFFS re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     Defendant DOES 1-10 were charged with a duty to use reasonable care to prevent harm or injury to others.  This duty includes providing prompt and adequate medical care to individuals in their custody, identifying and handling medical and mental health

issues, screening inmates for physical fitness for incarceration, and not causing injury to persons in their custody during transport to and within facilities.

89.    Defendants DOES 1-10, breached their duty of care.  The actions and inactions of Defendants,  DOES 1-10 , were negligent and reckless, including but not limited to, the neglect tactics and handling of the situation with DECEDENT, including failing to identify serious medical and mental health issues, and failing to provide prompt medical care to DECEDENT.  Moreover, COUNTY and VILLANUEVA  failed to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

90.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

91.    The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10, and VILLANUEVA  pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

employees within the scope of employment if the employee's act would subject him or her to liability.

92.     Plaintiff M.J.brings this claim as successor-in-interest to DECEDENT and in his individual capacity and seeks survival and wrongful death damages under this claim.

93.     Plaintiff M.J. seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiff's loss of his DECEDENT'S love, companionship, guidance, advice, and support.  Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

94.     Plaintiff RODRIGUEZ brings this individually for the interference with the relationship with her son, the DECEDENT and seeks wrongful death damages for the violation of her rights. Plaintiff RODRIQUEZ also seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF
### Professional Negligence – Medical Malpractice
### (Plaintiff v. All Defendants)

95.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 94 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

96.    Defendants negligently failed to exercise the proper degree of knowledge, skill, and competence in examining, diagnosing, treating, and caring for DECEDENT, including but not limited to, the failure to conduct a proper medical assessment of DECEDENT; the failure to summon immediate emergency medical assistance for DECEDENT; and the failure to adequately monitor and supervise DECEDENT and DOES supervision of DECEDENT.

97.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  Also, as a direct and proximate cause of the acts of DOES 1-10, Plaintiffs have suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

98.    The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

99.    The conduct of DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiff, entitling Plaintiffs to an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

100.    Plaintiffs brings claim as successor in interest to DECEDENT and in his individual capacity and seek survival and wrongful death damages under this claim.

101.    Plaintiffs seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life, as well as for Plaintiff's loss of his DECEDENT'S love, companionship, guidance, advice, and support.  Plaintiff also seeks reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

## SEVENTH CLAIM FOR RELIEF
### Failure to Summon Medical Care (CAL. GOV'T. CODE §845.6)
### (Plaintiff v. All Individual Defendants)

102.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.    DOES 1-10 knew of had reason to know that DECEDENT was in need of immediate medical and mental care and yet failed to take reasonable action to summon such medical care, and to provide adequate medical screening for fitness for incarceration. This medical need extends to placement, monitoring, and avoiding known dangerous situations as one person cells.

104.    As a direct and proximate result of the aforementioned conduct, DECEDENT suffered injuries, including pain and suffering, and then died, losing his earning capacity.  Also, as a direct and proximate cause of the acts of DOES 1-10, Plaintiff have suffered emotional distress and mental anguish.  Plaintiff also have been deprived of

the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.

105.    The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

106.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT and Plaintiffs, entitling Plaintiffs to an award of exemplary and punitive damages.

107.    Plaintiff M.J. brings this claim as a successor in interest to DECEDENT and in his individual capacity and seeks survival and wrongful death damages under this claim.

108.    Plaintiff M.J. seeks damages, including for DECEDENT'S pain and suffering, loss of earning capacity, and loss of enjoyment of life.  Plaintiff also seek reasonable costs, funeral and burial expenses, and attorney's fees under 42 U.S.C. §1988.

109.    Plaintiff RODRIGUEZ brings this individually for the interference with the relationship with her son the DECEDENT and seeks wrongful death damages for the violation of her rights. Plaintiff RODRIQUEZ also seeks attorney's fees under this claim.

# EIGHTH CLAIM FOR RELIEF
## BANE ACT
### (Plaintiffs v. All Individual Defendants)

110.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

111.   Defendants in this matter violated Cal. Code 52.1 for failing to protect DECEDENT from harming himself by providing him with the necessary medical and mental health treatment, which was available to DECEDENT.

112.   Defendants in this matter failed to intervene, causing the death of DECEDENT.

113.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

114.   On information and belief, DECEDENT reasonably believed and understood the violent acts committed by Defendants were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

115.   Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

116.     The conduct of Defendants was a substantial factor in causing Plaintiff' and DECEDENT'S harms, losses, injuries, and damages.

117.     The COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to § 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject harm to him or her to liability.

118.     The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT'S and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOES 1-10.

119.     Plaintiffs seeks attorney's fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants  COUNTY and DOES 1-10, and VILLANUEVA inclusive, as follows:

A. For compensatory damages and whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses, and loss of financial support;

C. For pre-death pain and suffering, and loss of enjoyment of life according to proof at trial;

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

D. For punitive damages against the individual Defendants in an amount to be proven at trial;

E. For statutory damages;

F. For interest;

G. For reasonable attorney's fees §1988, including litigation expenses

H. For costs of suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.


DATED: April 7, 2022          LAW OFFICES OF JAMES S. TERRELL
                              LAW OFFICES OF SHARON BRUNNER


By_____*/s/ James S. Terrell*
    James S. Terrell
    Sharon J. Brunner
    Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1
2
3
4
5
**<u>DEMAND FOR JURY TRIAL</u>**
6
7
Plaintiffs hereby demands a trial by jury on all issues.
8
9
10
      DATED: April 7, 2022      LAW OFFICES OF JAMES S. TERRELL
                                    LAW OFFICES OF SHARON BRUNNER
11
12
13
                                By_____*<u>/s/ James S. Terrell</u>*
14
                                James S. Terrell
15
                                Sharon J. Brunner
                                Attorneys for Plaintiffs
16
17
18
19
10
21
22
23
24
25
26